IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DONNA K. HUTTO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| | : | NO.: _____ |
| v. | : | |
| | : | |
| FEDERAL NATIONAL MORTGAGE | : | |
| ASSOCIATION d/b/a FANNIE MAE, | : | |
| BRYAN HOME MENDER, LLC, | : | |
| EVERHOME MORTGAGE COMPANY, | : | |
| and McCALLA RAYMER, LLC, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT FOR DAMAGES

COMES NOW DONNA K. HUTTO, Plaintiff in the above-styled civil action, and files this her complaint against the Defendants and shows the Court the following:

## PARTIES

1.

Plaintiff, Donna K. Hutto is a resident of Omega, Tift County, Georgia and at all times material hereto, has resided at 1249 W.B. Parks Road in Omega, Tift County, Georgia.

2.

Defendant Federal National Mortgage Association ("Fannie Mae") is a corporation organized under the laws of the United States, which conducts business in the State of Georgia. Upon information and belief, this Defendant has its principal place of business at 3900 Wisconsin Avenue, NW, Washington, DC 20016. At all times material hereto, Defendant First National Mortgage Association was doing business as "Fannie



Langley
&Lee LLC
Attorneys At Law

1604 West Third Avenue
Albany, Georgia 31707

Post Office Box 607
Albany, Georgia 31702-0607

Telephone (229) 431-3036
Facsimile (229) 431-2249

Mae." This Defendant may be served with process by serving its CEO, Daniel H. Mudd, at 3900 Wisconsin Avenue, NW, Washington, DC 20016-2892. However, pursuant to Rule 4, Plaintiff's counsel will be requesting that this Defendant waive service. (A copy of the waiver for this Defendant is attached hereto as Exhibit "A").

3.

Defendant Bryan Home Mender, LLC ("Bryan") is a limited liability company organized and existing under the laws of the State of Georgia. This Defendant may be served with process at the office of its registered agent for service of process, Marvin Englehart, 322 Davis Road, Richmond Hill, Georgia 31214. However, pursuant to Rule 4, Plaintiff's counsel will be requesting that this Defendant waive service. (A copy of the waiver for this Defendant is attached hereto as Exhibit "B").

4.

Defendant McCalla Raymer, LLC ("McCalla") is a limited liability company organized and existing under the laws of the State of Georgia. This Defendant may be served with process at the office of its registered agent for service of process, John G. Aldridge, 3200 Concourse Parkway, Suite 3200, Atlanta, Georgia 30328. However, pursuant to Rule 4, Plaintiff's counsel will be requesting that this Defendant waive service. (A copy of the waiver for this Defendant is attached hereto as Exhibit "C").

5.

Defendant EverHome Mortgage Company ("EverHome") is a foreign corporation registered to do business in the State of Georgia. Upon information and belief, Defendant EverHome has its principal place of business in the State of Florida and its principal office is located at 8100 Nations Way in Jacksonville, Florida. This Defendant may be

served with process at the office of its registered agent for service of process, CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361. However, pursuant to Rule 4, Plaintiff's counsel will be requesting that this Defendant waive service. (A copy of the waiver for this Defendant is attached hereto as Exhibit "D").

6.

At all times material hereto, Defendant Bryan was an actual and/or apparent agent and/or employee of Defendant Fannie Mae. At all times material hereto, Defendant Bryan was acting within the course and scope of such employment and/or agency, with respect to the actions taken at 1249 W.B. Parks Road on July 23, 2008, and, as such, Defendant Bryan's acts are imputed to Defendant Fannie Mae, under the doctrines of agency and respondeat superior.

7.

At all times material hereto, Defendant Bryan was an actual and/or apparent agent and/or employee of Defendant McCalla. At all times material hereto, Defendant Bryan was acting within the course and scope of such employment and/or agency, with respect to the actions taken at 1249 W.B. Parks Road on July 23, 2008, and, as such, Defendant Bryan's acts are imputed to Defendant McCalla, under the doctrines of agency and respondeat superior.

8.

At all times material hereto, Defendant Bryan was an actual and/or apparent agent and/or employee of Defendant EverHome. At all times material hereto, Defendant Bryan was acting within the course and scope of such employment and/or agency, with respect to the actions taken at 1249 W.B. Parks Road on July 23, 2008, and, as such, Defendant

Bryan's acts are imputed to Defendant EverHome, under the doctrines of agency and respondeat superior.

9.

At all times material hereto, Defendant McCalla was an actual and/or apparent agent and/or employee of Defendant Fannie Mae. At all times material hereto, Defendant McCalla was acting within the course and scope of such employment and/or agency, with respect to the actions taken at 1249 W.B. Parks Road on July 23, 2008, and, as such, Defendant McCalla's acts are imputed to Defendant Fannie Mae, under the doctrines of agency and respondeat superior.

10.

At all times material hereto, Defendant McCalla was an actual and/or apparent agent and/or employee of Defendant EverHome. At all times material hereto, Defendant McCalla was acting within the course and scope of such employment and/or agency, with respect to the actions taken at 1249 W.B. Parks Road on July 23, 2008, and, as such, Defendant McCalla's acts are imputed to Defendant EverHome, under the doctrines of agency and respondeat superior.

11.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331, 1332, and 1343.

12.

The Court has venue over this action pursuant to pursuant to 28 U.S.C. Section 1391.

## FACTS

13.

On or about March 20, 2000, Michael Willis, as sole owner and occupant of property located at 1241 W.B. Parks Road in Omega, Tift County, Georgia, attended a loan closing at the law office of Fred W. Rigdon, Jr. in Tifton, Georgia, to obtain financing from South Georgia Banking Company.

14.

While at Fred W. Rigdon, Jr.'s office, Michael Willis reviewed the loan documents and informed an employee of Fred W. Rigdon, Jr. that the documents showed an incorrect street address of 1249 W.B. Parks Road, and that the correct street address was 1241 W.B. Parks Road.

15.

After being notified of this error, South Georgia Banking made the decision to leave the improper address on the closing documents.

16.

Included in the loan closing documents was a security deed from Michael Willis to South Georgia Banking Company, which had the proper legal description but improper street address. (A copy of the security deed is attached hereto as Exhibit "E").

17.

On March 20, 2000, South Georgia Banking Company assigned its security interest in Michael Willis' property over to Irwin Mortgage Corporation. (A copy of the assignment is attached hereto as Exhibit "F").

18.

On March 16, 2007, Irwin Mortgage Corporation assigned its security interest in Michael Willis' property over to Defendant EverHome. However, said assignment was not recorded in the office of the Clerk of Superior Court of Tift County until August 20, 2007. (A copy of the assignment is attached hereto as Exhibit "G").

19.

Beginning on May 25, 2007, Defendant McCalla, on behalf of Defendant EverHome, began the process of foreclosing on the property of Michael Willis by running a Notice of Sale Under Power in the *Tifton Gazette*, the legal organ for Tift County. This Notice of Sale contained the proper legal description, but also contained the improper street address of 1249 W.B. Parks Road. (A copy of the Notice of Sale is attached hereto as Exhibit "H").

20.

The Defendants failed to send proper notice of the foreclosure sale to Michael Willis at his proper address of 1241 W.B. Parks Road at any time prior to June 5, 2007, the date of the foreclosure sale.

21.

On or about May 31, 2007, Michael Willis contacted Defendant EverHome and informed it that his proper street address was 1241 W.B. Parks Road, not 1249 W.B. Parks Road.

22.

On or about May 31, 2007, Michael Willis contacted Defendant McCalla and informed it that his proper street address was 1241 W.B. Parks Road, not 1249 W.B. Parks Road.

23.

On or about June 4, 2007, Michael Willis again informed Defendant EverHome that his proper street address was 1241 W.B. Parks Road, not 1249 W.B. Parks Road.

24.

On or about June 4, 2007, Michael Willis again informed Defendant McCalla that his proper street address was 1241 W.B. Parks Road, not 1249 W.B. Parks Road.

25.

On June 5, 2007, Defendant EverHome, as attorney-in-fact for Michael Willis, executed a Deed Under Power conveying Michael Willis' property over to itself individually. (A copy of the Deed Under Power is attached hereto as Exhibit "I").

26.

On June 5, 2007, Defendant EverHome conveyed the property described in the Deed Under Power over to Defendant Fannie Mae by way of Special Warranty Deed. (A copy of the Special Warranty Deed is attached hereto as Exhibit "J").

27.

On June 19, 2007, Defendant McCalla, ignoring the information provided by Michael Willis, on more than one occasion, of the incorrect address, sent a Notice to Occupant of 1249 W.B. Parks Road that Defendant EverHome had purchased 1249 W.B.

Parks Road on June 5, 2007. (A copy of the Notice to Occupant is attached hereto as Exhibit "K").

28.

Defendant EverHome did not purchase the property located at 1249 W.B. Parks Road in Omega, Tift County, Georgia on June 5, 2007 or at any other time.

29.

On or about August 3, 2007, although Defendant EverHome did not have ownership to Michael Willis' property located at 1241 W.B. Parks Road, a representative of Defendant EverHome and a Deputy from the Tift County Sheriff's Office arrived at the home of Michael Willis at 1241 W.B. Parks Road in Omega, Tift County, Georgia to remove him and his personal belongings from the premises.

30.

After realizing that the address on the dispossessory warrant was not 1241 W.B. Parks Road in Omega, Tift County, Georgia, the Deputy refused to move forward with the dispossessory.

31.

On or about November 14, 2007, Defendant McCalla's associate, Adam M. Silver, as attorney for Defendant Fannie Mae, filed a dispossessory warrant and summons in the Magistrate Court of Tift County, Georgia against Mr. Michael L. Willis. (A copy of said warrant and summons is attached hereto as Exhibit "L").

32.

In said dispossessory warrant and summons, Defendant Fannie Mae stated to the Court that Mr. Michael L. Willis resided at 1249 W.B. Parks Road in Omega, Tift County, Georgia 31775.

33.

On or before November 21, 2007, Defendant Fannie Mae attempted to serve Michael Willis with a dispossessory warrant with an incorrect service address of 1249 W.B. Parks Road. Said warrant was not personally served on Michael Willis, but was tacked to a mobile home at an entirely different address of 1239 W.B. Parks Road.

34.

On or about November 26, 2007, Mr. Michael L. Willis filed an answer to the above-referenced dispossessory warrant which indicated that he did not reside at 1249 W.B. Parks Road in Omega, Tift County, Georgia 31775 and, in fact, indicated that he resided at 1241 W.B. Parks Road in Omega, Tift County, Georgia. (A copy of Mr. Willis' answer is attached hereto as Exhibit "M").

35.

Defendant Fannie Mae, by and through its attorney of record, Defendant McCalla, received notice of Mr. Willis' filing.

36.

Defendant EverHome, by and through its attorney of record, Defendant McCalla, received notice of Mr. Willis' filing.

37.

At no time has Defendant Fannie Mae ever held a lien or a Security Deed against the property located at 1249 W.B. Parks Road in Omega, Tift County, Georgia.

38.

At no time has Defendant EverHome ever held a lien or a Security Deed against the property located at 1249 W.B. Parks Road in Omega, Tift County, Georgia.

39.

Defendant Bryan was hired on behalf of Defendant Fannie Mae by Defendant McCalla.

40.

On or about July 23, 2008, Defendant Bryan arrived at Plaintiff's home located at 1249 W.B. Parks Road in Omega, Tift County, Georgia for the purpose of removing Plaintiff and her belongings from the property.

41.

On said date, Defendant Bryan improperly entered Plaintiff's home and removed all of Plaintiff's belongings and placed them outdoors.

42.

Defendant Bryan had no legal right to enter Plaintiff's home and remove her belongings and personal property.

43.

During the process of removing Plaintiff's belongings, Defendant Bryan damaged and/or ruined Plaintiff's belongings and personal property.

44.

Once Defendant Bryan had removed all of Plaintiff's belongings and placed them outdoors, it began to rain, resulting in all of Plaintiff's belongings getting wet.

45.

After Defendant Bryan removed all of Plaintiff's belongings, Judge Gary McCorvey issued an Order Rescinding Writ of Possession. (A copy of Judge McCorvey's order is attached hereto as Exhibit "N").

46.

Defendant Bryan eventually returned all of Plaintiff's belongings to her home.

47.

During the process of returning Plaintiff's belongings, Defendant Bryan further damaged and/or ruined Plaintiff's belongings and personal property.

## COUNT I
## NEGLIGENCE

48.

Plaintiff hereby incorporates her allegations in Paragraphs 1 through 47 of this Complaint, as if fully set forth herein.

49.

The actions of the Defendants, in removing Plaintiff's property, damaging and destroying Plaintiff's property, and in attempting to dispossess Plaintiff were negligent.

50.

As a result of such negligence and as a proximate cause of same, Plaintiff has been damaged in an amount to be shown at trial.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51.

Plaintiff hereby incorporates her allegations in Paragraphs 1 through 50 of this Complaint, as if fully set forth herein.

52.

The Defendants' reckless actions, jointly and severally, in removing Plaintiff's property and attempting to dispossess Plaintiff with knowledge that they were at the wrong address were extreme and outrageous, causing Plaintiff severe emotional distress.

53.

As a result of the Defendants' intentional infliction of emotional distress, Plaintiff has been damaged in an amount to be shown at trial.

## COUNT III
## CONVERSION

54.

Plaintiff hereby incorporates her allegations in Paragraphs 1 through 53 of this Complaint, as if fully set forth herein.

55.

The Defendants' actions, jointly and severally, in proceeding with the wrongful dispossessory amounted to an unauthorized assumption and exercise of the right of ownership over Plaintiff's property in hostility to her rights.

56.

As a result of the Defendants' conversion, Plaintiff is entitled to recover an amount to be shown at trial.

12

## COUNT IV
## TRESPASS

57.

Plaintiff hereby incorporates her allegations in Paragraphs 1 through 56 of this Complaint, as if fully set forth herein.

58.

The Defendants' actions, jointly and severally, in entering upon and remaining upon Plaintiff's land and improperly attempting to dispossess Plaintiff amounted to a wrongful interference with Plaintiff's right to the exclusive use and benefit of her property rights.

59.

The Defendants' actions, jointly and severally, in interfering with Plaintiff's right to the exclusive use and benefit of her property rights were done so in a willful, conscious, intentional and/or reckless disregard for Plaintiff's rights in free use and enjoyment of her land.

## COUNT V
## 42 USC § 1983

60.

Plaintiff hereby incorporates her allegations in Paragraphs 1 through 59 of this Complaint, as if fully set forth herein.

61.

The actions of Defendants, jointly and severally, in utilizing the courts of the State of Georgia, and legal process under Georgia state law to wrongfully and unlawfully enter Plaintiff's home, seize and remove all of Plaintiff's belongings and property, and

further, to damage Plaintiff's belongings and personal property, constitute violations of 42 USC § 1983, in that such actions, under color of state law, statute, ordinance or regulation, caused the deprivation of Plaintiff's rights, privileges, or immunities guaranteed by the Constitution of the United States.

62.

As a result, Defendants are liable for such damages to Plaintiff in an amount to be proven at trial.

## COUNT VI
## RICO

63.

Plaintiff hereby incorporates her allegations in Paragraphs 1 through 62 of her Complaint, as if fully set forth herein.

64.

The actions of the Defendants constitute a pattern of racketeering activity, whereby such actions benefit the Defendants in the acquisition and control of the real property, money, and other assets of the Plaintiff, all in violation of Official Code of Georgia Annotated, Section 16-14-4 and in violation of 18 U.S.C. §1961, et seq.

65.

As a result of the prohibited activities/omissions by the Defendants, Plaintiff has been damaged and Plaintiff is entitled to bring a cause of action for available civil remedies, pursuant to Official Code of Georgia Annotated, Section 16-14-6 and 18 U.S.C. §1964.

14

## COUNT VII
## PUNITIVE DAMAGES

66.

Plaintiff hereby incorporates her allegations in Paragraphs 1 through 65 of this Complaint, as if fully set forth herein.

67.

The level of the Defendants' joint and several misconduct constituting negligence is so egregious and outrageous so that punitive damages are warranted in an amount to be determined by a jury in order to deter Defendants from such conduct in the future.

68.

Because the Defendants' joint and several misconduct constituting intentional infliction of emotional distress was extreme and outrageous, punitive damages are warranted in an amount to be determined by a jury.

69.

Because the Defendants' joint and several misconduct constituted a conversion of Plaintiff's property, punitive damages are warranted in an amount to be determined by a jury.

70.

Because the Defendants' joint and several commission of trespass was done with willful, conscious, intentional and/or reckless disregard for Plaintiff's property rights, punitive damages are warranted in an amount to be determined by a jury.

15

71.

Because the Defendants' actions constituted a violation of both State and Federal RICO statutes, Plaintiff is entitled to punitive damages in an amount to be determined by a jury.

## COUNT VIII
## ATTORNEYS' FEES

72.

Plaintiff hereby incorporates her allegations in Paragraphs 1 through 71 of this Complaint, as if fully set forth herein.

73.

As a result of the Defendants' joint and several misconduct in the commission of intentional infliction of emotional distress, conversion, trespass, violation of Plaintiff's rights under 42 USC § 1983, and violation of both State and Federal RICO statutes, Plaintiff is entitled to recover for attorneys' fees.

## COUNT IX
## TREBLE DAMAGES

74.

Plaintiff hereby incorporates her allegations in Paragraphs 1 through 73 of this Complaint, as if fully set forth herein.

75.

As a result of the Defendants' violation of both State and Federal RICO statutes, Plaintiff is entitled to damages three times her actual damages.

16

## COUNT X
## COSTS AND EXPENSES

76.

Plaintiff hereby incorporates her allegations in Paragraphs 1 through 75 of this Complaint, as if fully set forth herein.

77.

As a result of the Defendants' violation of both State and Federal RICO statutes, Plaintiff is entitled to all costs and expenses of investigation and litigation reasonably incurred.

WHEREFORE, Plaintiff prays for the following:

(A) That she have a trial by jury;

(B) That costs be cast against the Defendants;

(C) The she be awarded special damages against the Defendants in an amount of excess of $75,000.00 to be proven at trial;

(D) That she be awarded general damages for the pain and suffering sustained as a result of Defendants' misconduct;

(E) That she be awarded punitive damages against Defendants in an amount sufficient to deter similar conduct in the future;

(F) That she be awarded reasonable attorneys' fees;

(G) That she be awarded damages three times her actual damages; and

(H) That she be awarded such other and further relief as this Court shall deem appropriate.

17

This the 26th day of January, 2009.

                            LANGLEY & LEE, LLC

By: _____
     JOSEPH P. DURHAM, JR.
     State Bar No. 235524

By: _____
     DAVID W. ORLOWSKI
     State Bar No. 554325
     Post Office Box 607
     Albany, GA 31702-0607
     (229) 431-3036
     (229) 431-2249 Fax

ATTORNEYS FOR PLAINITFF

L:\Documents\Hutto, Donna v Bryan Home Mender, LLC, et al\Complaint.doc